■ In the Matter of SHAHIN A. NIROOMAND, Appellant, v ST. LAWRENCE COUNTY BOARD OF LEGISLATORS et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Quinn, J.), entered November 26, 1979 in St. Lawrence County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, for an order, *inter alia*, granting her a permanent civil service appointment as Director of the St. Lawrence County Laboratory and directing respondent hospitals to appoint her as pathologist and director of their laboratories. Prior to June 1, 1979, St. Lawrence County provided laboratory services to various hospitals, including respondents Clifton-Fine Hospital and Massena Memorial Hospital, through the County Laboratory System (hereinafter County Lab), and in July, 1976 petitioner was hired as director of the County Lab. Subsequently, on November 15, 1978, the County Lab's board of managers resolved that the lab be permanently dissolved, and accepting this recommendation, the St. Lawrence County Board of Legislators later resolved to and did discontinue the lab's services as of June 1, 1979 by terminating the County Lab service contracts, which it had with the respondent hospitals and one other hospital, in a manner satisfactory to all relevant parties. Although it was expected that the hospitals involved would thereafter seek lab services elsewhere or else assume the task of providing their own necesssary lab services, and that most of the County Lab's former employees would be hired by the hospitals, petitioner was not hired as director of the hospitals' laboratories or as their pathologist. Distressed by this situation, petitioner, in September of 1979, obtained an order directing respondents to show cause why an order should not be granted requiring the county to grant her a permanent civil service appointment as director of the County Lab effective January 1, 1979, requiring the respondent hospitals to appoint her as pathologist and director of their laboratories for those hospitals pursuant to section 70 of the Civil Service Law, requiring the county to place her name on a preferred list of County Lab employees pursuant to sections 80 and 81 of the

Civil Service Law, requiring the respondent hospitals to select her name from such a preferred list and appoint her as pathologist and director of their laboratories and requiring respondents to compensate her for damages and lost compensation and salary from June 1, 1979, the date of her termination by the County Lab, to the effective date of her employment by the respondent hospitals. Finding her arguments unpersuasive, Special Term ultimately dismissed her petition, and the present appeal ensued. We hold that the order of Special Term should be affirmed, and in so ruling we find that there was no transfer of functions between the County Lab and the hospitals involved such as would entitle petitioner to any relief under section 70 of the Civil Service Law. There is in the present record no evidence of the adoption of any law, rule, order or other action directing such a transfer (see Civil Service Law, § 70, subd 2) nor is there any written consent of the alleged transferee agencies, i.e., the hospitals, which is required by a Civil Service Department regulation before an employee transfer under section 70 can be implemented (4 NYCRR 5.1 [a] [4]). Most significantly, it is also clear on this record that the County Lab was closed to save money and avoid a duplication of services in the county and that it was clearly not intended that the various hospitals would continue to perform the functions of the County Lab. Similarly, even assuming that petitioner is entitled to permanent civil service status as a county employee, she is nonetheless not entitled to employment by respondent hospitals or to placement on a preferred list for employment by said hospitals pursuant to sections 80 and 81 of the Civil Service Law. These statutes relate to the placement of workers into available positions within a governmental unit on the basis of seniority (cf. *Matter of Saur v Director of Creedmoor Psychiatric Center,* 41 NY2d 1023) and do not require other governmental units with civil service staffing, such as the respondent hospitals, to hire from a different governmental unit, such as the county, civil service employees who are unable to take advantage of the statutory displacement provisions within their own employment unit. Lastly, we dismiss as academic petitioner's request for an order directing St. Lawrence County to grant her a permanent civil service appointment as Director of the St. Lawrence County Laboratory and to place her on a preferred list for appointment to a position of employment. Not only has her former position been abolished, but it is unlikely that a County Lab will be re-established, and there is no one whom petitioner can displace under sections 80 and 81 of the Civil Service Law. Clearly, the respondent hospitals do not have to create a position for her or hire her off any preferred list on which she might be placed by the county. Judgment affirmed, with costs. Sweeney, J. P., Kane, Main, Mikoll and Herlihy, JJ., concur.